## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                                 )
      v.                    )      ID No.     2112009362
                                 )
ANTHONY GUZMAN,      )
                                 )
      Defendant.         )

## <u>ORDER</u>

On this 10th day of October, 2023, upon consideration of Defendant Anthony Guzman's ("Defendant") *pro se* Motion for Sentence Reduction (the "Motion") made pursuant to Superior Court Rule of Civil Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On April 3, 2023, Defendant pled guilty to one count of Drug Dealing (Class C Felony).[2] On June 23, 2023, he was sentenced to fifteen years of Level V supervision, suspended after eighteen months for twelve months of Level III supervision.[3]

2. On July 25, 2023, Defendant filed the instant Motion, in which he asks this Court to reduce his sentence to fifteen years of Level V supervision, suspended after successful completion of a Level V treatment program, followed by twelve months

---

[1] D.I. 16. Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to reduce his sentence.

[2] Defendant did not date his signature to the plea agreement.

[3] D.I. 15. Defendant also pled guilty to four counts of Operating a Vehicle with Improper Window Tinting and was fined $100.00 plus surcharges and fees. *Id.*

of Level III supervision. In support, Defendant argues that evaluation and treatment of his mental health are more likely to reduce his likelihood of recidivism than incarceration. He believes that visiting with his family, friends, and life coaches would have a therapeutic effect on him.[4]

4. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[5] The Motion was made less than ninety days after Defendant was sentenced and is his first motion for sentence reduction, so it is timely and non-repetitive.

5. With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction.[6] The Court has "broad discretion to decide if it should alter its judgment."[7] Defendant expressly agreed to the sentence that this Court imposed by signing the plea agreement, which provided that the State of Delaware would not request more than two years of unsuspended Level V supervision. Defendant gained the benefit of that agreement, but he now seeks to undercut it.[8] After reviewing the Motion, sentence, and record in this case, the Court

---

[4] D.I. 16.

[5] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).

[6] *State v. Smith*, 2021 WL 416394, at *3 (Del. Super. Feb. 8, 2021).

[7] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).

[8] *Cf. id.* at *3. Further, the essence of Defendant's argument in favor of sentence reduction is that he has been rehabilitated. However, "Rule 35(b) is not the proper vehicle for seeking modification based on rehabilitation." *State v. Culp*, 152 A.3d 141, 146 (Del. 2016). Instead, on a defendant's

finds no just cause for sentence reduction. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Accordingly, Defendant's Motion is **DENIED**.

       **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Anthony Guzman (SBI #00969345)

---

behalf, the DOC may file an application for sentence reduction with the Board of Parole pursuant to 11 *Del. C.* § 4217 for good cause, which includes rehabilitation of the defendant. Applying Rule 35(b) here to reduce Defendant's sentence due to rehabilitation "would undermine Section 4217 and the important role it assigns to the DOC and the Board of Parole." *Id.*